In re TABLE TALK, INC., Debtor.

TABLE TALK, INC., Plaintiff,

v.

TABLE TALK PIE DISTRIBUTORS OF POUGHKEEPSIE, INC., Oehme Pie Bakery, Inc., Superior Cake Products, Inc., Philadelphia Baking Company, John Doe, Inc., Gus Angelo, and Operative Cake, Inc., Defendants.

Bankruptcy No. 4–82–00253–G.
Adv. No. 4–83–0193.

United States Bankruptcy Court,
D. Massachusetts.

May 16, 1985.

George B. Sanders, Jr., P.C., Bowditch & Dewey, Worcester, Mass., for Table Talk, Inc.

Eric Zucker, Goldstein & Manello, Boston, Mass., for Gus Angelo.

Daniel M. Glosband, Gary R. Greenberg, Mark A. Berthiaume, Goldstein & Manello, Boston, Mass., for Table Talk Pie Distributors of Poughkeepsie, Inc. and Oehme Pie Bakery, Inc.

Joseph N. Roy, Jr., Anastasi & Roy, P.C., Oxford, Mass., for Superior Cake Products.

Robert N. Brown, Newton Centre, Mass., for Philadelphia Baking Co.

Office of the U.S. Trustee, Boston, Mass.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO AMEND COMPLAINT

PAUL W. GLENNON, Bankruptcy Judge.

This case comes before the Court on the motion of a debtor to amend a complaint.

The debtor, Table Talk, Inc. ("Table Talk") filed a complaint for trademark and copyright infringement[1] against several defendants, among them Table Talk Pie Distributors of Poughkeepsie, Inc. ("Distributors"). At the time that their complaint was filed in this Court, Table Talk was a debtor in possession operating under the protection of Chapter 11.[2] The complaint alleges that Distributors, a New York corporation, infringed Table Talk's trademark and copyright by causing bakery products manufactured by others to be packaged in boxes containing an infringing logo similar to that of Table Talk. These products were allegedly eventually sold in Massachusetts, New York and elsewhere. In prior proceedings before this Court and before the United States District Court for the District of Massachusetts, it has been determined that this Court has jurisdiction, both *in rem* and *in personam*, over Distributors.

On December 19, 1983, Table Talk filed a motion to amend their complaint by adding Gus Angelo ("Angelo"), of Poughkeepsie, New York, as a defendant. Angelo, the president and principal officer of Distributors, has opposed the motion.[3]

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave (to amend a pleading) shall be freely given when justice so requires." The grant or denial of leave to amend a pleading is a matter within the discretion of the trial court. An order concerning leave to amend a pleading may be overturned only for an abuse of that discretion. *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir.1979).

The denial of a motion for leave to amend a complaint may be justified where the amendment would be futile. *Id.*, at 896 citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Angelo contends that the proposed amendment of the complaint *sub judice* is futile

---

1. The complaint alleges violations of the Lanham Act, 15 U.S.C. § 1051 et seq. and of the Copyright Act, 17 U.S.C. § 101 et seq., and also violations of M.G.L. c. 110, § 4, M.G.L. c. 110 B, § 12 and M.G.L. c. 93A.

2. The debtor filed a Chapter 11 petition on April 5, 1982. The case was converted to Chapter 7 on August 10, 1984.

3. Table Talk has also moved to add Operative Cake, Inc. of Long Island City, New York as a defendant. Operative Cake has not opposed the motion.

because the complaint, as amended, would be subject to dismissal on its face. The Court disagrees and will discuss each of his arguments separately.

First, Angelo contends that the amended complaint fails to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). More specifically, he argues that he, as an individual acting in a corporate capacity, cannot, as a matter of law, be held liable for trademark or copyright infringement.

This simply is not the case. "There can be no doubt but that a trademark ... can be infringed by an individual ... The fact that the persons ... are acting for a corporation also, of course, may make the corporation liable ... (but) it does not relieve the individuals of their responsibility." *Mead Johnson & Company v. Baby's Formula Service, Inc.*, 402 F.2d 19 (5th Cir.1968). Merely alleging that a defendant is an officer of an infringing corporation is not enough to make the individual liable; it must be shown that he personally participated in the infringing and unfair practices. *Lahr v. Adell Chemical Co.*, 300 F.2d 256 (1st Cir.1962); *General Motors Corporation v. Provus*, 100 F.2d 562 (7th Cir.1938).

In the case *sub judice*, the amended complaint alleges that Angelo personally contacted representatives of Oehme Pie Bakery, Inc. and induced them to package pies in boxes bearing the allegedly infringing facsimile of Table Talk's trademark. The Court finds that these allegations of Angelo's personal involvement are sufficient to allow Table Talk to proceed with its complaint.

Angelo also argues that the Amended Complaint would be subject to dismissal on its face because the Bankruptcy Court does not have *in rem* jurisdiction over this case. Angelo contends that the decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), stands for the proposition that bankruptcy courts lack jurisdiction over all claims which are "related to" cases arising under Title 11. Angelo argues that the case can only be heard, and should have been brought, in either the United States District Court or in an appropriate state court.[4]

Angelo's interpretation of the *Marathon* decision is incorrect. Under the Emergency Rules in effect at the time the amended complaint was filed, and subsequently under 28 U.S.C. § 157(c)(1), bankruptcy courts may hear non-core proceedings which are "related to" cases under Title 11. The power of the bankruptcy court is limited, however, in that, absent the consent of the parties, the court may submit only proposed findings of fact and conclusions of law to the district court, rather than a final order or judgment. 28 U.S.C. § 157(c)(1).

Finally, Angelo argues that the amended complaint would be subject to dismissal on its face for lack of *in personam* jurisdiction. "It is well settled (however) that a Bankruptcy Court is endowed with *in personam* jurisdiction for litigating all matters which arise in a bankruptcy case." *In re Bell & Beckwith*, 41 B.R. 697, 699 (Bankr. N.D.Ohio 1984); citing *In re Schack Glass Industries, Co., Inc.*, 20 B.R. 967 (Bankr.S. D.N.Y.1982); *In re G. Weeks Securities, Inc.*, 3 B.R. 215 (Bankr.W.D.Tenn. 1980).[5] "The purpose of this (expanded in personam jurisdiction) ... is to avoid the fragmentation of litigation that is often involved in bankruptcy estates." *In re Bell & Beckwith, supra;* citing *In re Med General, Inc.*, 17 B.R. 15 (Bankr.D.Minn. 1981); *Matter of Whippany Paper Board Co., Inc.*, 15 B.R. 312 (Bankr.D.N.J.1981).

The defendant argues that the *Marathon* decision, *supra*, has placed new limits on the *in personam* jurisdiction of the Bankruptcy Court. The Court is not persuaded that that is the case. However, because there appears to be no case law on the post-*Marathon in personam* jurisdiction of

---

4. The case has been removed to the District Court for other reasons.

5. See also Bankruptcy Rule 7004(d), which provides for service of process throughout the United States.

a bankruptcy court in a non-core proceeding, the Court will briefly address the defendant's further arguments concerning the standard for *in personam* jurisdiction.

■ Angelo contends that Table Talk's complaint fails to meet the minimum contacts standard. Even if the minimum contacts standard is applicable in this case, *Contra, In re Med General, supra;* it would appear that the defendant has sufficient contacts with Massachusetts. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[I]t is essential ... that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, *reh'g denied,* 358 U.S. 858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958). Table Talk alleges that Angelo persistently and regularly engaged in business transactions with Table Talk in Massachusetts. There must be a connection between the contacts and the cause of action. *Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079, 1083 (1st Cir.1973). Table Talk alleges that Angelo personally contacted Oehme Pie Bakery, Inc. to encourage them to place the allegedly infringing logo on pie boxes which he knew would eventually be distributed in Massachusetts by Distributors, a company of which he was the president and principal officer.

■ The defendant, Angelo, contends that, in addition to the minimum contacts standard, Table Talk must meet the requirements of the Massachusetts Long-Arm statute, M.G.L. c. 223A. Once again, the Court is not persuaded that this is the case. "The jurisdiction of a federal court when it is applying a federal statute is not limited by state law ... under even the court created Erie doctrine, the Bankruptcy Court does not look to the Massachusetts Long-Arm statute to determine the extent of its *in personam* jurisdiction." *In re American Aluminum Window Corp.,* 15

B.R. 803 (Bankr.D.Mass.1981) (cites omitted). The case *sub judice* seems to primarily involve interpretation of a federal statute, the Lanham Act and the Copyright Act and thus, the Massachusetts Long-Arm statute is not applicable.

■ Because the case also involves interpretation of the law of the Commonwealth of Massachusetts,[6] and because the defendant has questioned the post-*Marathon* validity of the decision in *American Aluminum Window Corp.,* the Court, while holding that the Massachusetts Long-Arm statute is not applicable, will nevertheless address the threshold question of whether its requirements have been met for the purposes of this decision.

■ Table Talk relies upon M.G.L. c. 223A, § 3(d). This section provides that Massachusetts has personal jurisdiction over a person as to a cause of action arising from the person's "causing of tortious injury in this Commonwealth by an Act of Omission outside the Commonwealth if he regularly does or solicits business or engages in any other persistent course of conduct ... in this Commonwealth."

Table Talk has alleged, and has provided the Court with an affidavit to the effect that, Angelo has personally visited Table Talk's headquarters in Worcester, Massachusetts at least once a year since 1978, to tour their facilities and to discuss pricing and product ordering. Table Talk also alleges that the defendant called them on a regular basis and that he personally contacted David Amoroso of the Philadelphia Baking Company and William B. Oehme of the Oehme Pie Bakery, Inc. to urge them to place the allegedly infringing labels on products manufactured by their companies. These allegations are sufficient to meet the requirements of the Massachusetts Long-Arm statute for the purposes of ruling that the complaint is not subject to dismissal on its face.

6. See footnote 1.

## CONCLUSIONS AND ORDER

In view of the foregoing, and all arguments of counsel, whether or not specifically mentioned, the Court finds that the complaint of Table Talk, as amended, is not subject to dismissal on its face, and is therefore not futile. The following Order shall enter.

Table Talk's Motion to Amend their complaint is allowed.