**POLO FASHIONS, INC., Plaintiff,**

**v.**

**DIEBOLT, INC., d/b/a Diebolt Clothing Store, Defendant.**

Civ. A. No. 84–2336.

United States District Court,
D. Kansas.

May 2, 1986.

James F.B. Daniels, Husch, Eppenberger, Donohue, Elson & Cornfeld, Kansas City, Mo., Bruce E. Moore, Cooke, Ballweg, Tuley & Moore, Leawood, Kan., Milton Springut, Amster, Rothstein & Ebenstein, New York City, for plaintiff.

George Diebolt, Thomas F. Werring, J. David Farris, Farris & Werring, Atchison, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motions to modify the pre-trial order and for summary judgment. This is an action by Polo Fashions, Inc. [hereinafter Polo] for trademark infringement, false designation of origin and description, and unfair competition against Diebolt, Inc., d/b/a Diebolt Clothing Store [hereinafter Diebolt], for selling counterfeit shirts styled, manufactured and sold by plaintiff.

I. *Motion for Summary Judgment.*

Plaintiff moves for summary judgment against Diebolt on the issue of liability pursuant to Rule 56 of the Federal Rules of Civil Procedure. That rule provides that summary judgment be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Diebolt has failed to respond to plaintiff's motion. Pursuant to Rule 15 of the Rules of Practice of the United States District Court for the District of Kansas, all material facts set forth in the plaintiff's statement must be deemed admitted for the purpose of summary judgment. The following facts are therefore deemed admitted:

Polo Fashions, Inc., under the direction of its chairman, designer Ralph Lauren, styles, manufactures and sells, both directly and through related companies and licensees, articles of men's and women's wearing apparel. Polo uses and owns the trademarks POLO, RALPH LAUREN, POLO BY RALPH LAUREN, The Polo Player Symbol (a representation of a polo player

on a horse), and The Ralph Lauren Logo (a composite trademark including RALPH LAUREN and The Polo Player Symbol) [herein collectively referred to as The Polo Trademarks]. Polo establishes and maintains quality and fashion standards for products and services identified by The Polo Trademarks. The Polo Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and association with Polo. Products bearing The Polo Trademarks are immediately identified by the purchasing public with Polo.

Polo is the owner of United States Trademark Registration Nos. 978,166 of February 5, 1974, for the mark POLO BY RALPH LAUREN for various items of men's clothing; 984,005 of May 14, 1974, for the The Ralph Lauren Logo for diverse items of apparel; 990,395 of August 6, 1974, for the mark POLO BY RALPH LAUREN for retail clothing store services; and 1,050,722 of October 19, 1976, for The Ralph Lauren Logo for diverse items of women's apparel. These registrations are all valid and subsisting.

Defendant Diebolt is a retailer of men's and women's clothing and accessories in Atchison, Kansas. From February 1983 until May 1983 Diebolt entered into six different transactions with Fred L. Kaplan of Dorsett Distributing Company to purchase knit shirts bearing The Polo Trademarks.[1] Diebolt sold all these shirts at retail. These shirts were not manufactured by or for Polo, nor were they authorized by Polo.

Plaintiff has produced an authentic knit shirt bearing the POLO BY RALPH LAUREN and The Polo Player Symbol trademarks. Plaintiff has also produced a shirt that Fred Kaplan states is exemplary of the shirts sold by him to Diebolt. Plaintiff's director of quality control compared these two shirts and concluded that defendant's shirt was not a genuine Polo shirt.

Defendant's shirt differs in the following respects: (1) defendant's shirt has plastic buttons rather than the troca buttons used on the genuine shirts; (2) defendant's shirt does not include a label identifying the "RN" number of Polo, as do the genuine shirts; (3) defendant's shirt has a care label with a navy blue background rather than a white background, as do the genuine shirts; and (4) defendant's shirt is packaged in a plastic bag bearing the RALPH LAUREN trademark with The Polo Player Symbol, which is never used in plaintiff's packaging.

The shirts are substantially similar in all other respects. Both shirts are made of an interlock cotton knit material and have a fabric neck label reading "Polo by Ralph Lauren" and an embroidered emblem in the same area of the chest that depicts a mounted polo player. The label and emblem on defendant's shirt are virtually indistinguishable from the label and emblem on plaintiff's genuine Polo shirt.

### A. Polo's Claim of Trademark Infringement Under 15 U.S.C. § 1114(1)(a).

A trademark is a distinctive mark, symbol or emblem used by a manufacturer to identify and distinguish its goods from those of others. *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 939 (10th Cir.1983). The strength or distinctiveness of a mark determines both the ease with which the trademark may be established as valid and the degree of protection that will be accorded. *Id.* Strong trademarks are generally accorded broader protection against infringement than are weak marks. *Fotomat Corp. v. Cochran*, 437 F.Supp. 1231, 1242 (D.Kan.1977). Trademarks that are fanciful or arbitrary in that they bear no relationship to the product with which they are associated are considered inherently distinctive and are considered strong marks. *Beer Nuts*, 711 F.2d at 939 n. 5.

---

1. Polo has also sued Fred Kaplan and Dorsett Distributing Company in the United States District Court for the Eastern District of Missouri for trademark infringement and unfair competition based on their sale of these shirts. *See Polo Fashions, Inc. v. Dorsett Distributing Co., et al.*, Civil Action No. 83–1319–C(3) (E.D.Mo.1983).

We agree with the District Court of Massachusetts, which held that the embroidered polo logo and the label mark, "Polo by Ralph Lauren," are fanciful and distinctive marks. *See Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.,* 592 F.Supp. 648, 651 (D.Mass.1984). Plaintiff's trademarks are therefore entitled to broad protection.

Pursuant to 15 U.S.C. § 1114(1), infringement of a trademark occurs when the use of a similar mark is likely to cause confusion in the marketplace concerning the source of the different products. *Beer Nuts,* 711 F.2d at 940. According to the Tenth Circuit, the court should consider the following factors to determine whether, under all the circumstances, there is a likelihood of confusion: (1) the degree of similarity between the designation and the trademark; (2) the intent of the actor in adopting the designations; (3) the relation in use and manner of marketing between the goods marketed by the actor and those marketed by the plaintiff; and (4) the degree of care likely to be exercised by the purchasers. *Id.* (quoting *Restatement of Torts* § 729 (1938). The above list is not exhaustive and no one factor is determinative. *Beer Nuts,* 711 F.2d at 940.

■ Applying these factors, the court concludes that there is a substantial likelihood of confusion. First, it is undisputed in this case that the marks on the shirts sold by defendant are virtually indistinguishable from those found on plaintiff's shirts. The shirts themselves, while not identical, are also very similar. The major differences pointed out by Polo's director of quality control include only insignificant factors, such as the type of button and the color of the care label. It is clear in this case that a prospective purchaser singly presented with defendant's shirt would be unable to distinguish it from the genuine Polo shirt.

Second, it is apparent that confusion is likely because both plaintiff's and defendant's shirts are or were sold in retail outlets similar in nature. Third, the degree of care likely to be exercised by a consumer in purchasing such a shirt is not great. Given the substantial similarity of the defendant's shirts to plaintiff's, the ordinary consumer, using ordinary care under the circumstances, would most likely be confused as to the authenticity of the shirt. *See Fotomat,* 437 F.Supp. at 1244. Fourth, although it is unclear whether defendant intended to create confusion or to deceive its customers, the absence of such intent does not prevent a finding of infringement, since no one factor is determinative.

In light of the foregoing, we hold that there is a substantial likelihood of confusion caused by the similarity of the different products. We therefore hold that plaintiff is entitled to summary judgment against Diebolt on the issue of liability for trademark infringement under 15 U.S.C. § 1114(1)(a).

### B. *Polo's Claim of False Designation of Origin and Description Under 15 U.S.C. § 1125(a).*

Plaintiff seeks summary judgment with respect to liability against Diebolt under 15 U.S.C. § 1125(a). That section provides in pertinent part:

Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same and shall cause such goods or services to enter into commerce ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a). In particular, plaintiff claims that the sale by Diebolt of goods bearing the trademarks POLO BY RALPH LAUREN and The Polo Player Symbol constitutes false descriptions and representations damaging to Polo.

■ To establish a violation under section 1125(a), plaintiff must show the following: (1) defendant used a symbol falsely describing an article; (2) defendant caused

such article to enter into commerce; and (3) plaintiff was damaged by the use of such false description. *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.,* 592 F.Supp. 648, 652 (D.Mass.1984). Intent is not a necessary element of a claim under this section. *Purolator, Inc. v. EFRA Distributors, Inc.,* 687 F.2d 554, 561 (1st Cir. 1982); *Polo Fashions,* 592 F.Supp. at 652. Plaintiff must also be able to show that the description or representation is likely to cause confusion. *Amoco Oil Co. v. Rainbow Snow,* 748 F.2d 556, 558 (10th Cir. 1984). The same "likelihood of confusion" test applicable to trademark infringements (*see* discussion above in part B) is also applicable to a claim of false designation or description. *Amoco Oil,* 748 F.2d at 558.

■ Plaintiff has established that Diebolt's sale of shirts bearing the trademarks POLO BY RALPH LAUREN and The Polo Player Symbol constituted false descriptions and representations and that Diebolt, by selling these shirts, caused these articles to enter into commerce. Furthermore, as discussed above in Part B, defendant's use of these representations is likely to cause confusion among consumers. We therefore conclude that plaintiff is entitled to summary judgment on the issue of liability for its claim arising under 15 U.S.C. § 1125(a).

### C. *Polo's Claim for Unfair Competition Under the Common Law.*

■ The law of unfair competition imposes liability against one who markets goods with an unprivileged imitation of the physical appearance of another's goods. 74 Am.Jur.2d *Trademarks and Tradenames* § 96 at 763; *Restatement of Torts* § 711 (1938). An imitation is unprivileged if the "imitation is likely to cause prospective purchasers to regard [A's] goods as those of [B], and ... the imitated feature is nonfunctional." *Restatement of Torts* § 741. Thus, the essential element of a claim of unfair competition is the same as that for the infringement and false designation of origin claims. *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.,* 592 F.Supp. 648, 652 (D.Mass.1984); *Fotomat Corp. v. Cochran,* 437 F.Supp.

1231, 1246 (D.Kan.1977). Because plaintiff has proved the elements required for both its trademark infringement and false designation claims, plaintiff is also entitled to summary judgment with respect to liability on its unfair competition claim.

### II. *Plaintiff's Motion to Modify the Pre-trial Order.*

Plaintiff requests that we modify the pre-trial order to extend the date by which the parties must file their witness and exhibit lists. The court will modify the pre-trial order by extending the date for the filing of witness and exhibit lists until June 2, 1986.

IT IS THEREFORE ORDERED that plaintiff's motion to modify the pre-trial order is granted and the parties shall have until June 2, 1986, to file all exhibit and witness lists.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment against defendant Diebolt, Inc., d/b/a Diebolt Clothing Store, is granted on all claims with respect to the issue of liability.