**METROMEDIA STEAKHOUSES CO., L.P.**

v.

**RESCO MANAGEMENT, INC., et al.**

Civ. No. 93–416–JD.

United States District Court,
D. New Hampshire.

March 10, 1994.

Jeffrey S. Cohen, Concord, NH, Annemarie C. Scanlon, Washington, DC, for plaintiff.

Franklin C. Jones, James P. Shannon, Rochester, NH, for defendants.

## ORDER

DiCLERICO, Chief Judge.

The plaintiff, Metromedia Steakhouses Company, L.P. ("Metromedia"), brought a multiple count action against defendants Resco Management, Inc. ("Resco"), Frank Ernst and David Mather. Pursuant to Fed. R.Civ.P. 12(b)(6), Mather brings this motion to dismiss for failure to state a claim upon which relief can be granted as to all counts against him (document no. 18). Jurisdiction is based on 28 U.S.C.A. § 1332 (West 1993).

### Background

In March 1982 Metromedia, the owner of certain Bonanza trade names and service marks, entered into a license agreement with Resco. Pursuant to the agreement Resco was licensed to use the Bonanza trade names and service marks and to operate a Bonanza restaurant at 291 North Main Street, Rochester, New Hampshire. Verified Complaint, ¶ 13. Ernst, president of Resco, "personally guaranteed the performance of each covenant, payment, agreement and undertaking of Resco set forth in the License Agreement." Id. at ¶ 14. Sometime later Resco and Ernst defaulted on the terms of the license agreement and the guarantee. See id. at ¶ 23.

On April 8, 1993, Metromedia terminated Resco's rights under the license agreement. Id. at ¶ 25. On July 28, 1993, Metromedia brought an action against Resco and Ernst alleging trademark and service mark infringement, unfair competition, breach of contract and breach of promissory note. Metromedia named Mather, manager of the Rochester restaurant, in the trademark infringement and unfair competition counts. Id. at Counts I, II, III and VI. On August 16, 1993, Resco filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code, 11 U.S.C.A. § 101 et seq.

### Discussion

■ Mather moves to dismiss the action against him on the grounds that (1) he was merely an agent and/or employee of Resco and therefore he is not liable for tortious conduct occurring within the scope of employment; (2) the causes of action are based on contractual relationships and he was never a party to any contracts between Metromedia and Resco; (3) Resco's bankruptcy precludes entry of judgment because the underlying corporate obligations form the basis of the causes of action; and (4) the closing of the Rochester restaurant renders Metromedia's claim for permanent injunctive relief moot. Mather makes his motion pursuant to Fed.R.Civ.P. 12(b)(6). Because Mather has already filed an answer to the Metromedia's complaint (document 13), the pleadings have closed under Fed.R.Civ.P. 7(a) and the court will treat Mather's motion to dismiss Counts I, II, III and VI as a motion for judgment on the pleadings. See Fed.R.Civ.P. 12(c).

■ The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion. *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir.1986). In both cases, the court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence to support the claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (motion to dismiss under Fed.R.Civ.P. 12(b)(6)). In making its inquiry, the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference in favor of the plaintiffs. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir.1992) (Rule 12(b)(6) motion); *Santiago de Castro v. Morales Medina*, 943 F.2d 129, 130 (1st Cir.1991) (Rule 12(c) motion). Great specificity is not required to survive a Rule 12(c) motion. "[I]t is enough for a plaintiff to sketch an actionable claim by means of 'a generalized statement of facts.'" *Garita*, 958 F.2d at 17 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1357 (1990)). In the end, the court may not enter judgment on the pleadings unless it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief.'" *Santiago de Castro*, 943 F.2d at 130 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)); *see also*

*Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988).

### I. Agent's Liability for Torts

Metromedia claims that once it served notice of the termination of the license agreement the defendants' continued operation of the restaurant and use of the Bonanza name and marks infringed § 32 of the Lanham Act, 15 U.S.C.A. § 1114, and violated the common law of trademarks. Metromedia asserts the infringement caused consumer confusion and deceived the general public into believing that the Rochester restaurant was run by Bonanza. Verified Complaint, ¶¶ 29–38. Metromedia also claims that the defendants engaged in acts of unfair competition in violation of the common law and § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), by advertising, displaying and selling products with Metromedia's proprietary marks at the Rochester restaurant. *Id.* at ¶¶ 39–45.

Mather does not dispute Metromedia's substantive allegations. Rather, he contends the court must dismiss the claims against him because he is not and was never an "owner, officer or director of the defendant Resco Management, Inc." [1] Defendant's Motion to Dismiss, ¶ 1.

■ Pursuant to the plain language of the Lanham Act, *any individual* may be liable in civil actions for damages. Section 32 of the Lanham Act states, in part:

(1) *Any person* who shall, without the consent of the registrant—

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

\* \* \* \* \* \*

*shall be liable* in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C.A. § 1114 (West 1963 & Supp.1994) (emphasis added).

Likewise, the unfair competition statute, § 43(a) of the Lanham Act, uses similar language for determining liability:

(a)(1) *Any person* who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device . . . which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection . . . or as to the origin, sponsorship,. or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities . . . of his or her *or another person's* goods, services, or commercial activities,

*shall be liable* in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125(a) (West 1983 & Supp. 1994) (emphasis added).

■ Under the Lanham Act employees of corporations are not shielded from individual liability for tortious actions solely because those actions were taken within the scope of their employment. *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3d Cir.1978) (corporate officer is personally liable for torts he commits); *Mead Johnson & Co. v. Baby's Formula Serv., Inc.,* 402 F.2d 19, 23 (5th Cir.1968) (corporate officer liable for trademark infringement); *Brandywine Mushroom Co. v. Hockessin Mushroom Prod., Inc.,* 682 F.Supp. 1307, 1311 (D.Del.1988) (officer of corporation personally liable for tort of unfair competition); *Polo Fashions, Inc. v. Gordon Group,* 627 F.Supp. 878, 890 (M.D.N.C.1985) (corporate officer liable for trademark infringement and unfair competition); *In re Table Talk, Inc.,* 49 B.R. 485, 487 (D.Mass.1985) (individual acting in corporate capacity is liable for trademark infringement); *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.,* 592 F.Supp. 648, 652 (D.Mass.1984) (corporate officer is individually liable for trademark infringement).

There can be no doubt but that a trademark, like a patent, can be infringed by an

---

**1.** Mather admits that he "served [Resco] in the capacity of an agent and/or employee, to include being the manager of the Bonanza restaurant pertinent to this claim." Defendant's Motion to Dismiss, ¶ 2. The pleadings are unclear as to what specific duties he performed as manager of the Rochester restaurant.

individual. It is infringed when an individual performs the act or does the things that the patent or trademark law protects against. The fact that the persons thus acting are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior.* It does not relieve the individuals of their responsibility.

*Mead,* 402 F.2d at 23. "The only crucial predicate to [an individual's] liability is his participation in the wrongful acts." *Donsco,* 587 F.2d at 606.

While the above cases establish the liability of employees who are officers or directors of a corporation, Mather contends that because he is a lower level employee of Resco, principles of agency relieve him from individual liability. Defendant's Motion to Dismiss, ¶¶ 2, 6. Mather asserts that as an agent of Resco the "principal is liable for the conduct of its agent when said agent acts within the scope of his authority." *Id.* at ¶ 6. Mather fails to cite any authority for his assertion.

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal...." *Restatement (Second) of Agency* § 343 (1958). "An individual, including a director, officer, or *agent* of a corporation, may be liable for injuries suffered by third parties because of his torts, regardless of whether he acted on his own account or on behalf of the corporation." *Al–Khazraji v. St. Francis College,* 784 F.2d 505, 518 (3d Cir.1986) (emphasis added), *aff'd,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *see also In re Interstate Agency, Inc.,* 760 F.2d 121, 125 (6th Cir.1985) (" 'It is well established that a corporate officer or agent is personally liable for torts committed by him *even though he was acting for the benefit of the corporation.*' ") (quoting *A & M Records, Inc. v. M.V.C. Distrib. Corp.,* 574 F.2d 312 (6th Cir.1978)). Although the New Hampshire Supreme Court has not considered the issue of an agent's liability to third parties for torts, the rule of § 343 is well established. *See Raysor v. Port Auth.,* 768 F.2d 34, 38 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Powe v. Miles,* 407 F.2d 73, 82 (2d Cir.1968); *Kalawe v. KFC Nat'l Management Co.,* No. 90–00779 ACK, 1991 WL 338566, at \*3–\*4, 1991 U.S. Dist. LEXIS 20073, at \*9–\*10 (D.Haw. July 16, 1991); *Massachusetts v. Zimmerman,* 1982–1 Trade Cas. (CCH) ¶ 64, 471, 1982 WL 1793 (D.Mass. January 13, 1982).

 An individual is liable for his tortious conduct under §§ 32 and 43(a) of the Lanham Act. Under agency law, an agent is not relieved of liability solely because he acted on behalf of the principal. Therefore, the action against Mather cannot be dismissed based on Mather's status as an employee or agent of Resco.

## II. Contractual Relationship

Mather next contends that any cause of action Metromedia may have is solely related to the contractual relationship between Metromedia and Resco and Ernst. Mather argues that because he never entered into any individual contracts with Metromedia and was never a party to the contracts between Metromedia and Resco and Ernst, he is not liable for matters related to these contracts. Defendant's Motion to Dismiss, ¶ 3.

 As noted above, any individual may be liable for trademark infringement or unfair competition under the Lanham Act. No special or contractual relationship is required. *See* 15 U.S.C.A. §§ 1114, 1125(a) (West 1963 & Supp.1994). Liability for common law trademark infringement and unfair competition does not require a breach of a contractual relationship because trademark infringement is a tort. *See Donsco,* 587 F.2d at 606; *Mead,* 402 F.2d at 23; *Brandywine,* 682 F.Supp. at 1311; *Polo Fashions,* 627 F.Supp. at 890; *In re Table Talk,* 49 B.R. at 487; *Branded Apparel,* 592 F.Supp. at 652.

 Mather remains liable for his own torts regardless of his relationship to the contract between Metromedia and Resco and Ernst. A contractual relationship is not an essential element of the claims asserted against him. Therefore, the action cannot be dismissed based on the lack of a contractual relationship between Metromedia and Mather.

## III. Automatic Stay

Mather also notes that Resco has filed for Chapter 7 bankruptcy pursuant to 11 U.S.C.A. § 362 (West 1993). He contends

488

that Resco's bankruptcy petition, "preclud[es] entry of judgment for the underlying corporate obligations that form the basis of the cause of action." Defendant's Motion to Dismiss, ¶ 8. The court assumes that Mather is arguing either that the action against him must also be stayed or that the action against him should be dismissed because of the stay.

 With certain exceptions, 11 U.S.C.A. § 362 (West 1993) automatically stays "commencement or continuation" of any judicial proceeding against a debtor that was or could have been brought before the commencement of the debtor's bankruptcy case.[2] The automatic stay of the bankruptcy court, however, does not divest the court of "jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 994 F.2d 956, 969 (1st Cir.1993) (quoting *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir.1990)). Metromedia's action for trademark infringement, unfair competition, breach of contract and breach of promissory note against Resco is a "proceeding against the debtor" and subject to the automatic stay. *See* 11 U.S.C.A. § 362(a). Mather, however, is not affected by the automatic stay because he is not a debtor in bankruptcy. *See In re San Juan Dupont Plaza Hotel Fire Litig.,* 994 F.2d at 969 (citing *Austin v. Unarco Indus., Inc.,* 705 F.2d 1, 4 (1st Cir.1983)); *In re Supermercado Gamboa, Inc.,* 68 B.R. 230, 231 (Bankr. D.P.R.1986) (section 362 ordinarily does not stay an action against the officers or shareholders of a debtor-corporation).

*IV. Injunctive Relief*

 Mather finally contends that the closing of the Bonanza restaurant formerly located at 291 North Main Street, Rochester, New Hampshire, in July of 1993 renders Metromedia's complaint for permanent injunctive relief moot. Defendant's Motion to Dismiss, ¶ 9. In view of the fact that the restaurant in question has been closed, any request by Metromedia for injunctive relief relating to the operation of that restaurant is moot.

*Conclusion*

For the foregoing reasons, Mather's motion to dismiss (document no. 18) is granted as to the claim for injunctive relief and denied as to the remaining claims.

SO ORDERED.

---

2. Section 362 provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ...