Means v. Shyam Corp., et al.          CV-97-212-M    11/12/97

UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Jessica Means,
          Plaintiff,

     v.                                    Civil No. 97-212-M

Shyam Corporation and Charles Estes
          Defendants.


                          **O R D E R**


     Plaintiff, Jessica Means, alleges that she was sexually harassed by her supervisor, Charles Estes, during the course of her employment at the Best Western Hotel in Campton, New Hampshire.  The complaint asserts a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and a claim under state law for intentional infliction of emotional distress.  The defendants include Estes and the Shyam Corporation, which operated the hotel under a franchise agreement with Best Western International Inc.  Estes, who is pro se, has filed a counterclaim against Means; the Shyam Corporation has filed a cross-claim against Estes.

     Before the court are defendant Shyam's motion to dismiss the claim for intentional infliction of emotional distress (document no. 12) and defendant Estes' motion for summary judgment (document no. 24).  Estes' motion does not rely on matters outside the pleadings and was filed after he filed an answer to the complaint; the court will treat it as a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P.  <u>See, e.g.</u>

Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)(defendant's post-answer Rule 12 motion treated as a motion for judgment on the pleadings).

## BACKGROUND

Means began working in the hotel restaurant in July of 1995, and then later changed to the position of night desk clerk, which she held until February 16, 1996. Means claims that Estes, the hotel's food and beverage manager, sexually harassed her continuously during the course of her employment. She also claims that defendant Shyam Corporation failed to maintain a sexual harassment policy and failed to properly train and supervise its management personnel regarding sexual harassment.

On July 1, 1996, Means filed a complaint with the New Hampshire Commission for Human Rights, which was then transferred to the Equal Employment Opportunity Commission. Within ninety days of receiving a right-to-sue notice from the EEOC, Means filed the instant complaint with this court.

Evidently, Estes was incarcerated at the New Hampshire State Prison, either directly or indirectly as a result of Means' allegations of sexual assault. Estes says, in his counterclaim, that any sexual contact between him and Means was consensual and he asserts counterclaims against her, including "misuse of legal process", intentional infliction of emotional distress, and defamation.

2

**DISCUSSION**

a.  Standard of Review

Both Shyam's and Estes' motion are reviewed under essentially identical standards.  See Metromedia Steakhouses Co., L.P. v. Resco Management, 168 B.R. 483, 485 (D.N.H. 1994).  Both motions are of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When reviewing these motions, "the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference helpful to the plaintiff's cause."  Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993).  Even then, neither motion can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)(quotations omitted).

b. The Merits

Defendant Shyam Corporation seeks to dismiss only plaintiff's state law claim for intentional infliction of emotional distress and apparently does not challenge the Title VII claim.  Shyam argues that because sexual harassment is outside the scope of Estes' employment, it cannot be held vicariously liable for his conduct.  The court need not address that particular issue, however, because plaintiff's claim for

3

intentional infliction of emotional distress is barred by New Hampshire's workers' compensation statute.

New Hampshire law contains an exclusivity provision, N.H. Rev. Stat. Ann. 281-A:8(I)(Supp. 1994), which "unquestionably bars employees from maintaining common-law causes of action against their employers for personal injuries arising out of the employment relationship."[1]  Sweet v. Hadco, No. CV-95-576-M, slip op., (D.N.H. January 18, 1996).  See also Censullo v. Brenka Video, Inc., 989 F.2d 40, 44 (1st Cir. 1993); O'Keefe v. Associated Grocers of N.E., Inc., 120 N.H. 834, 835 (1980).  This court has interpreted the workers' compensation statute as prohibiting suits against an employer for both the intentional and unintentional torts of its employees, including the tort of intentional infliction of emotional distress.  See Sweet, supra.  Therefore, plaintiff's claim for intentional infliction of emotional distress against defendant Shyam Corporation, being barred by the workers' compensation law, must be dismissed.

Defendant Estes seeks dismissal of the Title VII claim brought against him in his individual capacity.  Title VII applies only to "employers" but defines the term to include "any agent of such a person", 42 U.S.C. § 2000e(b) (West 1994).  Courts disagree as to whether the "any agent" wording was

---

[1]  N.H. RSA 281-A:8(I)(a) provides in relevant part:

An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and . . . to have waived all rights of action whether at common law or by statute . . . (a) Against the employer . . . .

4

intended to make supervisors liable as individuals or whether it was merely intended to reinforce that the doctrine of respondeat superior is applicable. Although the issue has not been authoritatively resolved in this circuit, <u>see</u> <u>Morrison v. Carleton Woolen Mills, Inc.</u>, 108 F.3d 429, 444 (1st Cir. 1997), in this district Title VII has been uniformly construed not to impose personal liability upon supervisors. <u>See, e.g.</u> <u>Preyer v. Dartmouth College</u>, 968 F. Supp. 20, 25 (D.N.H. 1997)(DiClerico, C.J.); <u>Miller v. CBC Cos.</u>, 908 F. Supp. 1054, 1065 (D.N.H. 1995)(Devine, S.J.); <u>Bartholomew v. Delahaye Group, Inc.</u>, CV No. 95-20-B, 1995 WL 907897 (D.N.H. November 8, 1995)(Barbadoro, J.); <u>Reid v. Brighton</u>, C.V. 92-629-M,1993 WL 849510, *3 n.1 (D.N.H. November 8, 1993)(McAuliffe, J.). Accordingly, Estes' motion to dismiss plaintiff's Title VII claim brought against him in his individual capacity is granted.

**CONCLUSION**

Plaintiff's claim for intentional infliction of emotional distress is dismissed as to defendant Shyam Corp., and plaintiff's Title VII claim is dismissed as to defendant Estes.


**SO ORDERED.**


                                 _____
                                 Steven J. McAuliffe
                                 United States District Judge

November 12, 1997

cc:   Steven M. Latici, Esq.
      John F. Bisson, Esq.
      Charles Estes