**IOVATE HEALTH SCIENCES, INC., Iovate T & P, Inc., MTOR U.S. Trademark Ltd., HHC U.S. Trademark Ltd. and Leukic U.S. Trademark Ltd., Plaintiffs,**

v.

**ALLMAX NUTRITION, INC., Healthy Body Services, LLC, Michael Kichuk and Ron Torch, Defendants.**

Civil Action No. 07–12334–NMG.

United States District Court, D. Massachusetts.

April 23, 2008.

costs in the amount of $60,000. *See* Joint

Brian C. Barry, Eric J. Marandett, Paul D. Popeo, Choate, Hall & Stewart LLP, Boston, MA, for Plaintiffs.

Robert H. Stier, Jr., Sean L. Sweeney, Pierce Atwood LLP, Portland, ME, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The defendants in this patent and trademark infringement suit are a Canadian corporation, a Nevada limited liability company and two Canadian citizens. They assert that they have had no contacts with the Commonwealth of Massachusetts whatsoever and, accordingly, move to dismiss for lack of personal jurisdiction.

### I. *Background*

The plaintiffs, Iovate Health Sciences, Inc., Iovate T & P, Inc., MTOR U.S. Trademark Ltd. and Leukic U.S. Trademark Ltd. (collectively "Iovate") are in the business of marketing and selling health food and nutritional supplements throughout the United States under the brand name "Muscle–Tech". In a complaint filed on December 18, 2007, Iovate alleges that the defendants sell products which infringe on Iovate's patents and trademarks.

Allmax Nutrition, Inc. ("Allmax") is a corporation organized under the laws of,

Mot. at 6.

and has its principal place of business in, Canada. It contends that its only contact with the United States is correspondence with the United States Patent and Trademark Office. Allmax characterizes itself as a "holding company" whose sole function is to hold Canadian and international trademarks and it asserts that it does not sell, market or manufacture any of the products at issue in this suit. Healthy Body Services, LLC ("HBS") is a limited liability company organized under the laws of, and has its principal place of business in, the State of Nevada. It is the sole distributor of nutritional supplement products under the trade names "Rapidcuts Hardcore", "Krush 4", "NOK 2", "Quickmass" and "Leutor 70" (collectively, "the products"). Michael Kichuk ("Kichuk") is the President of Allmax and the Manager of HBS. Ron Torch ("Torch") admits to no relationship with any of the other defendants or the products in question.

The parties appeared before this Court at a hearing on the defendants' motion to dismiss on Tuesday, April 22, 2008, at which time the Court heard extensive arguments in support of and in opposition to the motion. Although the Court will allow the defendants' motion to dismiss with respect to Kichuk and Torch but deny it with respect to Allmax and HBS, two questions remain for further discussion:

1) the circumstances under which the individual defendants, who are corporate officers, may be subject to personal jurisdiction based upon alleged infringing conduct during the course of their employment, and

2) the propriety of asserting personal jurisdiction over a corporation based upon its operation of a website through which forum residents may purchase allegedly infringing products.

## II. *Analysis*

### A. Piercing the Corporate Veil

The plaintiffs contend that this Court may assert personal jurisdiction over a corporate officer based on the infringement of his employer if the individual is a "moving, active conscious force behind the infringement" (citing *Polo Fashions, Inc. v. Branded Apparel Merch., Inc.,* 592 F.Supp. 648, 652 (D.Mass.1984)). The reason why the Court should apply a different jurisdictional standard in patent (and trademark) infringement cases than in ordinary litigation against corporate officers is not, however, explained in *Polo Fashions* nor in the plaintiff's briefs. Massachusetts law will, in any event, govern the determination of whether the corporate structure will shield the individual defendants from jurisdiction. *See Wechsler v. Macke Int'l Trade, Inc.,* 486 F.3d 1286 (Fed.Cir.2007).

This Court is not persuaded by the analysis in *Polo Fashions,* which does not extend beyond the specific quoted language and was adopted from an opinion of the First Circuit Court of Appeals, i.e. *Marks v. Polaroid Corp.,* 237 F.2d 428, 435 (1st Cir.1956). The *Marks* case, from which this argument ultimately arises, described a fact pattern well suited to traditional piercing of the corporate veil: a very closely-held corporation which was functionally the alter ego of the individual defendant and his family. *Id.*

If the plaintiffs elicit evidence that the defendants in this case have not maintained the proper distinction among individuals and corporations such that one may be viewed as the alter ego of the other, then jurisdiction over Kichuk (and, potentially, Torch) may be appropriate. *See, e.g., Scott v. NG U.S. 1, Inc.,* 450 Mass. 760, 881 N.E.2d 1125 (2008). Unless and until they do, the individual defendants will not be subject to personal juris-

diction in this forum based upon actions undertaken within the scope of their employment. The motion to dismiss with respect to Kichuk and Torch will, therefore, be allowed without prejudice to its renewal if and when appropriate.

### B. Personal Jurisdiction over the Internet

The plaintiffs assert that the existence of an interactive website, www.allmax nutrition.com, through which forum residents can purchase (and have purchased) the allegedly infringing products is sufficient to confer personal jurisdiction on this Court. They cite *McBee v. Delica Co., Ltd.*, 417 F.3d 107 (1st Cir.2005) and *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C.Cir.2002) in support of their contention. The defendants have not disputed this legal proposition in their reply to the plaintiffs' opposition, noting only that the website is owned and operated by Healthy Body Systems, Inc. ("HBS Canada"), a Canadian corporation which is not presently a party to this suit. HBS Canada is also the manufacturer of the products in question and the plaintiffs have expressed an intention to seek to amend their complaint to name HBS Canada as an additional party-defendant.

At the motion hearing on April 22, 2008, defense counsel cited no contrary authority but suggested that it was only "common sense" to conclude that the mere operation of a website did not subject a corporation to suit in any jurisdiction from which it can be accessed. There can be no doubt that the internet has changed the traditional way in which businesses build and maintain relationships with their customers and that this change carries risks as well as opportunities. If the defendants take advantage of the opportunity to sell their products in the Commonwealth of Massachusetts and enjoy the right to enforce their contracts in Massachusetts courts, they will necessarily submit themselves to the jurisdiction of Massachusetts courts with respect to claims arising out of those transactions. *Gorman,* 293 F.3d at 512–13.

### ORDER

In accordance with the foregoing, the defendants' motion to dismiss (Docket No. 8) is, with respect to the individual defendants, Kickuk and Torch, **ALLOWED** but is otherwise **DENIED.**

**So ordered.**