Martin RIVERA–GOMEZ, et al.,
Plaintiffs, Appellants,

v.

Rafael Adolfo de CASTRO, et al.,
Defendants, Appellees.

No. 87–1736.

United States Court of Appeals,
First Circuit.

Heard Feb. 1, 1988.

Decided April 7, 1988.

Walter H. Muniz, Old San Juan, P.R., for plaintiffs, appellants.

Anabelle Rodriguez, Asst. Sol. Gen., with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., Ponce, P.R., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

SELYA, Circuit Judge.

Appellants, eight former employees of the Commonwealth of Puerto Rico, brought suit under 42 U.S.C. § 1983 against their erstwhile agency chief, Rafael Adolfo de Castro, the Ombudsman.[1] They claimed to have been discharged because of their political leanings in derogation of their constitutional rights. The district court granted judgment on the pleadings in the Ombudsman's favor, Fed.R.Civ.P. 12(c), and this appeal followed apace.

I

Plaintiffs filed their suit in federal district court on January 14, 1987. On February 10, 1987, before any responsive pleading had been filed, they amended their complaint as of right. The amended complaint is the critical document in the case. In it, plaintiffs alleged that, after the Popular Democratic Party (PDP) won the 1984 gen-

---

1. Adolfo de Castro's wife and their conjugal partnership were also named as defendants. Since any liability on their part would be purely derivative, we treat the Ombudsman as if he were the sole appellee. Our decision, however, applies equally to all.

eral elections, defendant (a PDP member) was appointed to office; that plaintiffs were members of opposition parties; and that, although political affiliation was not a suitable credential for their jobs, the new Ombudsman summarily removed them from office. This mass ouster was accomplished, they said, by the delivery of letters on January 3, 1986, eliminating their positions and categorically terminating their employment as of January 15, 1986. According to appellants, defendant also spoke to them and explained their firings on the basis of (1) an agency reorganization, and (2) budgetary constraints. He told them that when the agency received its expected jump in appropriations, they would be reinstated. The amended complaint went on to allege that these explanations were a sham. The reorganization never occurred and, though the budget was increased, plaintiffs were not rehired. They lost their jobs due solely to politics.

Defendant answered the amended complaint in due season and thereafter moved for judgment on the pleadings, contending the suit was time-barred. Defendant argued that the applicable limitations period was one year under P.R. Laws Ann. tit. 31, § 5298(2) (1968), *see Wilson v. Garcia*, 471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–48, 85 L.Ed.2d 254 (1985) (state statute of limitations for personal injuries ordinarily governs section 1983 action); *Ramirez Morales v. Rosa Viera*, 632 F.Supp. 491, 492 (D.P.R. 1986) (applying section 5298(2) to civil rights action), *aff'd*, 815 F.2d 2 (1st Cir.1987), and that the plaintiffs' cause of action accrued on January 3, 1986 (when they received notice of the adverse employment decision). *See Chardon v. Fernandez*, 454 U.S. 6, 7–8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (per curiam) (cause of action for discriminatory discharge accrues when definite decision to terminate employment made and communicated).

Plaintiffs attempted to confess and avoid. As the district court noted, they disputed neither the applicability of the one year limitations period nor the fact that the statute would ordinarily run from the date the termination letters were delivered. *Rivera v. Adolfo de Castro*, No. 87–0065, slip op. at 2, 4 (D.P.R. June 29, 1987). Rather, they contended that in this instance the statute had remained open. In making this argument, plaintiffs emphasized that defendant's course of conduct—faking the reasons for dismissal and falsely promising reinstatement—constituted a "continuing violation" which prolonged the prescriptive period. *See, e.g., Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir. 1979) (if the injury and the discrimination are ongoing, limitations clock does not begin to tick until discriminatory conduct ends), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

The district court, in a well-reasoned opinion, held that plaintiffs' allegations were insufficient to "establish a continuing violation exception to the limitation period." *Rivera*, slip op. at 7. Accordingly, the suit was deemed time-barred, and judgment on the pleadings entered for defendant. *Id.* It is evident from the court's opinion that no other theory of the case was considered. *See id.* at 4 ("judgment must be entered in favor of defendant[ ] unless the complaint specifies some type of continuing violation") (footnote omitted). Although the district court did allude to the allegation that Adolfo de Castro "deceitfully and maliciously" misled plaintiffs, it considered defendant's motivation only for the limited purpose of "discard[ing] any implication that [defendant's] conduct constitutes a continuing violation exception." *Id.* at 6–7.

II

On appeal, plaintiffs seem to have changed, or at least bleached out some of, their stripes. They do not now seriously challenge the ruling that they failed to demonstrate a continuing violation. They appear to concede that, as the district court ruled, there was "only one separate and distinct discriminatory event," *id.* at 5, even though "the consequences of the[ ] job removals" continued thereafter. *Id.* at 7. Plaintiffs argue instead that the amended complaint showed they could not reasonably have been aware of the facts giving rise to their section 1983 claim until July

1986 at the earliest.[2] That being so, their cause of action did not accrue (and the statute of limitations did not begin to run) until then. *See, e.g., Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir.1975) (party responsible for wrongful concealment of facts underlying potential claim estopped from asserting limitations defense). The district court read the amended complaint too narrowly, plaintiffs assert, thereby overlooking this viable alternative basis for their suit.[3]

As defendant points out, if this argument is a new one—that is, if it could have been, but was not, advocated below—then it is too late to hawk it now. *Clauson v. Smith*, 823 F.2d 660, 666 (1st Cir.1987) (points not raised below not usually considered on appeal); *United States v. Ven-Fuel, Inc.*, 758 F.2d 741, 760 (1st Cir.1985) (same). But having combed the record, we think that equitable tolling was advanced, although inexpertly, in the district court. To explicate that conclusion, we start with paragraph 24 of the amended complaint. It averred:

> Due to [defendant's] deceitful misrepresentations, plaintiffs neither had knowledge nor reasons to believe of [defendant's] intention to violate their civil rights ... until they found out the facts alleged on [sic] paragraphs 20 to 23....

Backtracking from there, we report that paragraphs 20, 21, 22, and 23 of the amended complaint alleged, among other things, that plaintiffs did not discover (1) until July 1986 that the budgetary increase had gone into effect, (2) until October 1986 that their positions had been filled with persons sponsored by the PDP, and (3) until January 1987 that the supposed agency reorganization had never taken place.

**2.** July of 1986 was when plaintiffs say they learned that the agency had gotten its increased appropriation, yet failed to recall them to duty.

**3.** In reality, plaintiffs' argument speaks to two legal theories: "equitable estoppel" and "fraudulent concealment." It is unnecessary for us to draw fine doctrinal distinctions at this stage of the litigation, so we use those terms interchangeably herein and refer to both under the rubric of "equitable tolling." Similarly, we need

To be sure, these allegations did not necessarily make out a case for equitable tolling. *See, e.g., Reeb*, 516 F.2d at 930 (statute will run if crucial facts "are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). They did not commit plaintiffs unambiguously to such a theory. Their memorandum in opposition to the motion for judgment on the pleadings harped on the continuing violation approach. It is easy to see how the district judge may have been misled. Yet in fairness, that same memorandum did, albeit more obliquely than necessary, cling peripherally to the prospect of equitable tolling. It proclaimed, for example:

> To sanction this [misrepresentation and deceit] would be to go against the policy so ingrained in our legal system that it needs very little allusion: the principle of good faith. It is not licit or fair for anyone to profit from making others believe what he has no intention or [sic] fulfilling. A civilized legal system will not allow such antics. Equity will not permit a statute to be used as a cloak for fraud. It is our humble contention that the promises made by De Castro will be seen as a means of persuading the plaintiffs to believe that they would be rehired....

Record Appendix at 25–26 (citations omitted). Plaintiffs, one might argue, should have focused less on equity and more on clarity. The quoted statement, which tied back into a discussion of the supposed continuing violation, was far from explicit. Yet the two cases which plaintiffs cited in connection with this excerpt were cases holding that a defendant may be estopped by his own (mis)conduct from invoking a limitations defense. *Velilla v. Pueblo Supermarkets*, 111 DPR 585, 588 (1981)

not decide today other (related) points, including (1) whether application of plaintiffs' theory presents a question of federal or state law, *see Ramirez Morales v. Rosa Viera*, 815 F.2d 2, 4 (1st Cir.1987), and (2) to what extent (if at all) such a doctrine has force in the employment discrimination context. *See Earnhardt v. Commonwealth of Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982) (endorsing "narrow view of equitable exceptions to Title VII limitations periods").

("doctrine of equitable estoppel ..., as well as the general axiom of *bona fides,* [can] impede [a party] from successfully invoking the defense of prescription"); *Berrios v. University of Puerto Rico,* 116 DPR 88 (1985) (similar).[4] Even discounting the matter because of the confusing allusion to the continuing violation doctrine, this passage from plaintiffs' brief, coupled with the language of the amended complaint, may have been marginally sufficient to raise the equitable tolling theory.

Though the question is borderline close, we need not answer it in those terms—for there is one thing more. After briefing on the Fed.R.Civ.P. 12(c) motion, but prior to any decision thereon, plaintiffs attempted —albeit belatedly—to clarify the situation for the district court. The record reflects the following chronology: (1) following receipt of defendant's motion for judgment on the pleadings (which contained a memorandum of law), plaintiffs filed an opposition memorandum, (2) defendant was granted permission to file a reply memorandum and did so, (3) plaintiffs then filed a written rebuttal without leave of court to do so, and (4) the district judge struck the rebuttal as unauthorized under D.P.R.Loc. R. 311.7 ("no reply brief shall be filed unless leave ... obtained"). On July 6, 1987 —approximately one week after the district court had granted judgment—plaintiffs asked that the interdicted rebuttal brief "be considered as a Motion for Reconsideration of the Opinion and Order of June 29, 1987." Record Appendix at 80. Somewhat curiously, the district court denied this renewed, revised proffer on July 10, 1987 as "moot."

■ A district court unquestionably has broad authority to dam the flow of endless torrents of briefs. The applicable local rule recognizes as much. In this case, the court below acted well within its discretion in drawing the line where it did and in refusing to entertain the rebuttal brief when first proffered. Yet in a case like this one, where the pleadings were ambiguous, the better practice would likely have been to accept the additional help. *Cf. Cia Petrolera Caribe v. Arco Caribbean, Inc.,* 754 F.2d 404, 411 (1st Cir.1985) (though court not required to hear oral argument on summary judgment motion, wise to do so if motion "bottomed on difficult questions of law and ... fact"). What is more important is that the rebuttal memorandum, though properly stricken when first filed, was appropriately before the court as part of a timely request for reconsideration of the dismissal. *See* Fed.R.Civ.P. 59(e). *See also* D.P.R.Loc.R. 311.2 (every motion "shall be accompanied by a brief....").

Given the allusions in the amended complaint, and the early stage of the proceedings, we believe that the court should have afforded substantive consideration to the rebuttal memorandum at that time. Had that been done, the equitable tolling point would have been brought to the fore. The memorandum noted that defendant's brief, in responding only to the continuing violation theory, had "failed completely to address one of [plaintiffs'] main arguments," namely, that Adolfo de Castro "hid the real reasons for plaintiffs' dismissal (political discrimination) from them and [instead] alleged what at the time of the dismissals appeared to be valid reasons." Record Appendix at 37. The memorandum continued, stating that "[i]t was not until several months after the dismissal that plaintiffs learned that the alleged reasons were not real and that their dismissal [*sic*] were politically motivated and in violation of their civil rights." *Id.* It then quoted at some length the specific averments of the amended complaint which manifested defendant's ostensible deceit and plaintiffs' consequent lack of knowledge "of the real reasons for their dismissals." *Id.* at 40.

---

**4.** No official translations of either *Velilla* or *Berrios* are extant, and the parties appear to have disregarded Local Rule 30.7 of this court with respect to supplying translations. We caution counsel on both sides that we will not look kindly on such oversights in the future. For present purposes, we have relied upon staff translations of the opinions. In any event, Adolfo de Castro concedes that *Velilla,* at least, stands for the indicated proposition. *See* Appellees' Brief at 16. Indeed, the portion of the opinion which we have quoted was quoted in exactly the same way by the Ombudsman in his appellate brief. *See id.*

The flag of fraudulent concealment was at last hoisted high.

Judges are not expected to be mindreaders. Consequently, a litigant has an obligation "to spell out its arguments squarely and distinctly," *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988), or else forever hold its peace. We sympathize with the district judge, for the parties here were not of great help and the proffer was no model of sparkling clarity. But nevertheless, the district court was not left in this instance to ferret out an evanescent needle from an outsized paper haystack. Given the relatively slim record, the combination of the amended complaint and the follow-up memoranda strikes us as sufficient to have placed equitable tolling in issue.

### III

■ Fed.R.Civ.P. 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [to] move for judgment on the pleadings." But, because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the non-movant's well-pleaded factual averments as true, *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 61 (2d Cir. 1985); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967), and draw all reasonable inferences in his favor. *Bryson v. Brand Insulations Inc.*, 621 F.2d 556, 559 (3d Cir.1980). Finally, the court may not grant a defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). *See also Bloor*, 754 F.2d at 61 (same); *Bryson*, 621 F.2d at 559 (similar, citing *Conley*); *Austad*, 386 F.2d at 149 (motion can be granted only if movant "clearly entitled to prevail").

■ Against this backdrop, we pause to recapitulate six key ingredients contained in the record of this case:

1. The discrimination complained of took place on January 3, 1986 (when notices of termination were distributed).

2. Plaintiffs did not institute suit until more than a year thereafter.

3. Plaintiffs' amended complaint contained allegations which, read liberally, raised a continuing violation claim and a claim that the limitations period had been equitably tolled.

4. The former (continuing violation) theory was properly rejected by the district court.

5. The district court did not examine the latter (equitable tolling) claim before granting the Rule 12(c) motion.

6. The district court refused to allow a request for reconsideration drawing attention in unmistakable terms to the matter of equitable tolling.

In short, plaintiffs pled in their amended complaint—albeit clumsily—a contention that the limitations period had been equitably tolled. To be sure, they subsequently deemphasized this theory, but they never abandoned it. They succeeded—by the skin of their teeth, we may add—in preserving the claim below. Therefore, the district court should have addressed it.[5]

### IV

When, in the ordinary case, "the pleader has stood upon his pleading and appealed

---

**5.** We express no opinion on the sufficiency or merits of plaintiffs' equitable tolling claim, on its legal underpinnings, or on whether the facts relied upon are sufficient to pass muster. *See, e.g., Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982) (in civil rights action, pleader required to assert more "than conclusions or subjective characterizations"), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983). Our ruling today is a narrow one. We hold only that, at such an embryonic stage of the litigation, plaintiffs were entitled to have the district court consider their equitable tolling claim. Because the court did not, and because we have no way of saying with assurance on this exiguous record that plaintiffs can prove no set of facts which would entitle them to relief on the overlooked theory, a remand is required.

from a judgment of dismissal, amendment will not normally be permitted ... if the order of dismissal is affirmed...." 3 J. Moore, *Moore's Federal Practice* ¶ 15.11 at 15–109 (1983). Nevertheless, an appellate court has the power, in the interest of justice, to grant leave to amend if the circumstances warrant. *See Bryan v. Austin,* 354 U.S. 933, 933, 77 S.Ct. 1396, 1396, 1 L.Ed.2d 1527 (1957) (per curiam); *Whitelock v. Leatherman,* 460 F.2d 507, 515 (10th Cir.1972); *Moviecolor Ltd. v. Eastman Kodak Co.,* 288 F.2d 80, 88 (2d Cir.), *cert. denied,* 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961); 3 J. Moore, *supra,* ¶ 15.11. *Cf.* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

This case seems a suitable one to trigger the exception to the general rule. This appeal is in a highly idiosyncratic posture. The district court thought it had before it only an asserted "continuing violation." *See Rivera,* slip op. at 3. The court was entirely correct in ruling against plaintiffs on that claim. It did not, however, consider the matter of equitable tolling at all. Although this was understandable under the circumstances, plaintiffs did advance the point sufficiently to warrant that it be adjudicated. Justice, we think, requires further proceedings. *Compare City of Columbia v. Paul N. Howard Co.,* 707 F.2d 338, 341 (8th Cir.) (where district court decided case as a contract matter but did not pass upon tort theory due to counterclaimant's lack of clarity in presentation, amendment would be allowed after remand), *cert. denied,* 464 U.S. 893, 104 S.Ct. 238, 78 L.Ed.2d 229 (1983); *Keene Lumber Co. v. Leventhal,* 165 F.2d 815, 819 n. 2 (1st Cir.1948) (if basis for federal jurisdiction cast into doubt on appeal following decision on merits, "it would [presumably] be within the discretion of the appellate court to remit the determination of such question of fact to the District Court") (dicta).

*We affirm the dismissal of the amended complaint insofar as it purports to state claims based on a continuing violation of plaintiffs' civil rights, and we remand the case to the district court with an express direction that it permit plaintiffs to file a second amended complaint limited to their claim(s) based on equitable tolling as described in the course of this opinion. All parties shall bear their own costs.*