Shibley v. Begin    CV-96-267-SD        02/20/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Mark P. Shibley


       v.                              Civil No. 96-267-SD


J.P. Begin, et al


                        O R D E R

    This civil rights action arises from defendants' alleged

conduct when they arrived at plaintiff Mark B. Shibley's

apartment in response to information that plaintiff's roommate

might have taken a drug overdose.  The complaint alleges that

defendants entered plaintiff's apartment without a warrant or

probable cause; physically assaulted and maced him; arrested him

without probable cause; and ignored his medical needs.  The

complaint contains eleven different counts brought pursuant to 42

U.S.C. § 1983 and state law and includes as defendants both the

police officers and the paramedics, who worked for American

Medical Response of Massachusetts, Inc., formerly known as Chaulk

Ambulance Service, Inc.  The complaint alleges that Chaulk and

its employees, Robert McCombie and Guy Robinson, violated

plaintiff's constitutional rights by conducting an unreasonable

search (Count I) and displaying "callous" indifference to plaintiff's medical needs (Count IV).

Presently before the court are (1) a motion for judgment on the pleadings filed by defendants Chaulk, McCombie, and Robinson (document 22), to which plaintiff objects, and (2) plaintiff's motion to amend the complaint (document 24), to which defendants object.

## Background

On June 6, 1993, Marina Oliszczak made a telephone call to a drug counseling center and indicated that she might have overdosed on drugs. As a result of the call, two members of the Manchester Fire Department arrived at Oliszczak's apartment to assess her condition. They determined that she had not taken an overdose.

After the fire fighters had left, defendant J.P. Begin, a police officer, arrived at the apartment, accompanied by defendants McCombie and Robinson, both paramedics employed by Chaulk. Shibley, who was at the time residing with Oliszczak in the apartment, met these defendants at the door and informed them that the fire department had already been there and had determined that Oliszczak had not taken an overdose. In response, Begin placed his foot between the door and the door

2

jamb, shoved plaintiff out of the doorway, sprayed him twice in the face with mace, and entered the apartment with McCombie and Robinson. Plaintiff then ran to a bathroom sink to rinse his face, at which point he was handcuffed by Begin and placed under arrest.

Subsequently, plaintiff, who has a diagnosis of chronic paranoic schizophrenia, informed defendants of his diagnosis and his need to take medication and receive medical assistance. Defendants searched the medications in plaintiff's apartment, but refused to allow him to take any medication.

Shibley was later charged with the offense of disorderly conduct, but the charge was dismissed by the Manchester District Court on the ground that Begin, McCombie, and defendant David Mara, another police officer involved, had engaged in an illegal search and seizure.

## Analysis

### 1. Judgment on the Pleadings Standard

Under Rule 12(c), Fed. R. Civ. P., "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule

3

12(b)(6) motion."  Metromedia Steakhouses Co., L.P. v. Resco Management, 168 B.R. 483, 485 (D.N.H. 1994) (citation omitted). "In reviewing the defendants' motion for judgment on the pleadings . . . the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference helpful to the plaintiff's cause."  Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993) (citing Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991)); see also Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in his favor") (citations omitted).

Even then, judgment may not be entered on the pleadings "'"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."'"  Rivera-Gomez, supra, 843 F.2d at 635 (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))).

2. State Action

Defendants first argue that the allegations in the complaint are insufficient to support that Chaulk or the individual paramedics were acting under color of law, as required by 42 U.S.C. § 1983. The state action requirement of section 1983 contains two components: (1) the deprivation must have been "caused by the exercise of some right or privilege created by the state, or by a rule of conduct imposed by the state, or by a person for whom the state is responsible," Alexis v. McDonald's Restaurants of Massachusetts, 67 F.3d 341, 351 (1st Cir. 1995); and (2) the party who effected the deprivation "must be a person who may fairly be said to be a state actor," id.

Where, as here, a private party is a defendant in a section 1983 action, the plaintiff must show that the private party and the state actor "jointly deprived the plaintiff of his civil rights." See id. This requirement is satisfied by showing that the private person is a willful participant in the challenged action. See Dennis v. Sparks, 449 U.S. 24, 27-29 (1980).

Shibley's complaint alleges that McCombie and Robinson followed the police officer into Shibley's apartment and aided the police officer in searching his home and depriving him of appropriate medical care. The court finds that allegations of such collective action sufficiently show that the alleged

5

constitutional violations resulted from "concerted action tantamount to substituting the judgment of a private party for that of the police or allowing the private party to exercise state power." See Alexis, supra, 67 F.3d at 352. Thus, the defendants are not entitled to dismissal of Shibley's claims on the grounds of lack of state action.

Defendants next argue that even if the paramedics were acting under color of law, there can be no recovery against Chaulk. The well-established rule is that liability under section 1983 cannot be based on the doctrine of respondeat superior. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). Thus, a private corporation cannot be held vicariously liable under section 1983 for the acts of its employees. See Lyons v. National Car Rental Sys., Inc., 30 F.3d 240, 246-47 (1st Cir. 1994).[1]

There is some authority supporting the proposition that a private employer is liable for the constitutional torts of its employees when the plaintiff shows the employee's unconstitutional conduct was pursuant to a policy of the

_____

[1]The Lyons court makes this statement in the course of determining whether under the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, § 11I, the scope of employer liability is greater than that available under section 1983.

employer.  See, e.g., Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990), cert. denied, 502 U.S. 809 (1991). Such cases generally recognize that the rule of law enunciated in Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978), applicable to municipal employers, can be extended to private businesses.[2]

Even assuming Monell's "custom or policy" rule can be extended to the instant case, the court finds that the complaint fails to state a claim against Chaulk.  The complaint, as plaintiff seeks to amend it, simply alleges in conclusory fashion that Chaulk "had a policy of not training its employees to deal with the treatment needs of people with mental illnesses, in particular, when responding to a situation where there had been police intervention."  Proposed Amended Complaint ¶ 44.  An entity can be liable under section 1983 for its inaction "only when its failure to act amounts to deliberate indifference to the

_____

[2]The Court in Monell held that

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, supra, 436 U.S. at 694.

7

plaintiff's constitutional rights."  <u>Forbes v. R.I. Bhd. of</u>
<u>Correctional Officers</u>, 923 F. Supp. 315, 324 (D.R.I. 1996)
(citing <u>Canton v. Harris</u>, 489 U.S. 378, 392 (1989)).  The factual
allegations in the complaint fail to show that Chaulk's "policy"
resulted from its deliberate indifference to his constitutional
rights.  Accordingly, the court grants Chaulk's motion for
judgment on the pleadings as to Counts I and IV of the complaint.


<u>Conclusion</u>

For the reasons stated above, the court grants in part and
denies in part defendants' motion for judgment on the pleadings
(document 22).  The motion is granted as to Counts I and IV
against defendant Chaulk only, and is otherwise denied.  In
addition, the court grants in part plaintiff's motion to amend
the complaint (document 24) as to proposed paragraph 43, and
otherwise denies plaintiff's motion.

SO ORDERED.


                                    _____
                                    Shane Devine, Senior Judge
                                    United States District Court

February 20, 1997

cc:   H. Jonathan Meyer, Esq.
      Cindy Robertson, Esq.
      Peter E. Mosseau, Esq.


8