TORRUELLA, Circuit Judge
(Dissenting in part).
Finding that Rosado-Quiñones waived his argument that the First Amendment protects his filing of a lawsuit, the majority affirms the grant of summary judgment to appellees. I cannot agree. Rosado-Qui-ñones sufficiently developed his argument alleging a violation of his First Amendment right of access to the courts. I would therefore decide the issue that the majority refuses to confront, and would hold that Rosado-Quiñones raised it with sufficient clarity and correctness to survive the appellee’s motion for summary judgment.
First of all, Rosado-Quiñones did not waive the argument that he has a First Amendment right of access to the courts for redress of his grievances. He argued in his original complaint that he was transferred and demoted “due to the fact that [he] had filed a damage claim.” This is clearly an argument that the First Amendment protects his right of access to the courts. His argument was in no way perfunctory. Rosado-Quiñones did not “merely ... mention a possible argument in the most skeletal way.” United States *8 v. Zannino, 895 F.2d 1, 17 (1990). He passed the threshold of fulfilling his “obligation ‘to spell out [his] arguments squarely and distinctly.’ ” Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988) (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir.1988)).
In the brief he filed with this court, Rosado-Quiñones renews the argument he made in his opposition to summary judgment. In distinguishing his case from Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), and Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), among others, Rosado-Quiñones makes clear that “the area of free speech involved is the filing of a law suit.” He quotes NAACP v. Button, 371 U.S. 415, 429, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), for the proposition that “[t]he right to file a law suit is a form of communication embraced by the First Amendment.” He makes the same argument in the brief he filed before this court. He cites Button and United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass’n, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967), for no other reason than to argue that he has a First Amendment right to file a lawsuit. While I agree with the majority that Button and United Mine Workers also involved other issues, those other issues are not germane to his argument. The majority attempts to cast aside these cases by saying that the cases “do not carry the weight [Rosado-Quiñones] assigns them.” Op. at 6. I disagree. That they dealt with other issues does not take away from the fact that they, and we, have held that the First Amendment encompasses the right of access to courts. See Fabiano v. Hopkins, 352 F.3d 447, 453 (1st Cir.2003) (“As an initial matter, every citizen has the right ‘to petition the Government for a redress of grievances.’ U.S. Const, amend. I. The right of access to the courts is an established aspect of this right.” (citing Bill Johnson’s Restaurants, Inc. v. NLRB, 461 U.S. 731, 741, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983))).
The Pickering/Connick/Mt. Healthy line of cases is the wrong analytical framework in which to view Rosado-Quiñones’s claim. As he made clear in his brief and at oral arguments, those cases dealt with free speech; his claim deals with the First Amendment right to file a lawsuit. This right is distinct from the right to distribute a questionnaire at work, Connick, 461 U.S. at 140-41; the right to comment on a radio station about the substance of a memorandum issued by a public school principal, Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); or the right of a teacher to send a letter to a local newspaper criticizing the school board, Pickering, 391 U.S. at 564. Those claims involved a different kind of First Amendment: right than the one asserted by Rosado-Quiñones. In Powell v. Alexander, 391 F.3d 1 (1st Cir.2004), we said that the plaintiffs “filing of his 1991 lawsuit was an exercise of his First Amendment right to petition the government for redress, and that in retaliating against him for the filing of that lawsuit [the City Solicitor] risked violating his right under the Constitution.” Id. at 20. Rosado-Quiñones claims that he was retaliated against for the same reason. “[0]ur constitutional system gives every citizen the right to seek redress in the courts ... without fear that recourse to the law will make that citizen a target for retaliation.” Id. at 16 (citation omitted) (second alteration in original).
Rosado-Quiñones filed a lawsuit because he claimed that he was wronged by a governmental actor. “ ‘[G]oing to a judicial body for redress of alleged wrongs ... stands apart from other forms of action *9 directed at the alleged wrongdoer.’ ” Bill Johnson’s Restaurants, 461 U.S. at 741 (citation omitted) (second alteration in original). Were we to require governmental employees to demonstrate that their lawsuits were matters of public concern as a prerequisite to constitutional protection against retaliation for exercising this right, we would be placing an unwarranted and unconstitutional burden on them that is not placed on other citizens, merely by virtue of their status as public employees. Cf. id. at 742 (“If the Board is allowed to enjoin the prosecution of a well-grounded state lawsuit, it necessarily follows that any state plaintiff subject to such an injunction will be totally deprived of a remedy for an actual injury.”).
I agree with the majority that the First Amendment does not protect against sham lawsuits. See op. at 7. Indeed, “[t]he first amendment interests involved in private litigation ... are not advanced when the litigation is based on intentional falsehoods or on knowingly frivolous claims.” Bill Johnson’s Restaurants, 461 U.S. at 743, 103 S.Ct. 2161. But there is a difference between frivolous litigation and a lawsuit that has a “reasonable basis in fact or law.” Id. at 748, 103 S.Ct. 2161. The correct legal framework in which to view Rosado-Quiñones’s lawsuit is to look at whether his suit has such a reasonable basis. At the summary judgment stage, courts should merely examine whether or not a plaintiff is “able to present the [court] with evidence that shows his lawsuit raises genuine issues of material fact.” Id. at 745-46, 103 S.Ct. 2161. Summary judgment for a case such as this one should not be granted unless the “plaintiffs position is plainly foreclosed as a matter of law or is otherwise frivolous.” Id. at 747, 103 S.Ct. 2161. The district did not make either finding below, nor can we reach such a conclusion on the record before us.
Rosado-Quiñones filed his original lawsuit in the Commonwealth courts on November 17, 2004, and he was transferred and demoted on February 5, 2005. He argues that he was transferred and demoted because he filed a lawsuit against the Superintendent of Police of Puerto Rico and other defendants. His lawsuit is not frivolous on its face, nor is it plainly foreclosed as a matter of law. There is enough temporal proximity between those events that a reasonable jury could determine that Rosado-Quiñones was retaliated against because he filed a lawsuit against the Police Department. See Mariani-Colón v. Dep’t of Homeland See. ex rel. Chertoff, 511 F.3d 216, 224 (1st Cir.2007) (“ ‘[Tjemporal proximity’ between appellant’s allegations of discrimination in June 2002 and his termination in August 2002 is sufficient to meet the relatively light burden of establishing a prima facie case of retaliation.” (citing Pomoles v. Celulares Telefónica, Inc., 447 F.3d 79, 85 (1st Cir.2006))). His allegation that he was retaliated against because he filed a lawsuit against the Police Department presents a genuine issue of material fact that should be decided by a jury. Accordingly, I would reverse the grant of summary judgment and give Rosado-Quiñones his day in court.