COOPERATIVA DE AHORRO Y CRE-
DITO EMPLEADOS MUNICIPALES
DE ARECIBO, Plaintiff,

v.

ECHELON CAPITAL MANAGEMENT
GROUP, INC., et al., Defendants.

Civil No. 12–1503 (DRD).

United States District Court,
D. Puerto Rico.

Oct. 18, 2012.

Juan C. Fortuno–Fas, Juan R. Rivera–
Font, Fortuno & Fortuno Fas, San Juan,
PR, for Plaintiff.

Alvin Yoris, Orlando, FL, pro se.

### ORDER

DANIEL R. DOMÍNGUEZ, District
Judge.

On August 29, 2012, Defendants Echelon
Capital Management Group, Inc. and Alvin
Yoris (collectively, "Defendants") filed a
motion to dismiss (Docket No. 7).[1] Defen-
dants' motion to dismiss, in its entirety,
reads as follows:

> Plaintiff's complaint fails to state a claim
> upon which relief can be granted.
> Plaintiff's claims are barred by the Stat-
> ute of Limitations.
> Plaintiff's claims are barred by the Stat-
> ute of Frauds.
> Plaintiff's complaint should be dismissed
> for insufficiency of service and insuffi-
> ciency of process.
> In the interest of justice and for judicial
> economy, Plaintiff's complaint should be
> transferred to a more convenient forum,
> to wit, south Florida where the Defen-
> dant resides.

(Docket No. 7, page 1).

Plaintiff opposed Defendants' motion to
dismiss on October 5, 2012.

 The Court recognizes that De-
fendants are acting pro-se, and as such,
the Court will grant Defendants' motion to
dismiss "a liberal reading." *Rodi v. S.
New Eng. Sch. of Law,* 389 F.3d 5, 13 (1st
Cir.2004); *see Boivin v. Black,* 225 F.3d
36, 43 (1st Cir.2000) ("courts hold pro se
pleadings to less demanding standards
than those drafted by lawyers"). Never-
theless, Defendants' motion to dismiss is

---

1. The motion also includes a request to trans-
fer the instant proceedings to the Southern District of Florida where Defendants reside.

simply too bare-bones, too vague, too conclusory and far too underdeveloped for the Court to be able to properly evaluate Defendants' contentions for dismissal. Quite simply, "[i]t is not our job to put flesh on the bare bones of an underdeveloped argument." *United States v. Mathur*, 624 F.3d 498, 508 (1st Cir.2010). *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988)("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.")(quoting *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988)).

Accordingly, the Court hereby **DENIES** Defendants' motion to dismiss (Docket No. 7).[2]

**IT IS SO ORDERED.**

---

**2.** The Court urges Defendants to *strongly* consider retaining a licensed attorney to represent Defendants throughout the pendency of the instant litigation.