# United States Court of Appeals
## For the First Circuit

No. 23-1345

EFRAIN OLIVERAS-VILLAFAÑE, MIRTA ROSARIO-MONTALVO, LEGAL SOCIETY
OF EARNINGS,[*]

Plaintiffs, Appellants,

v.

BAXTER HEALTHCARE SA, BAXTER SALES AND DISTRIBUTION CORPORATION,
BAXTER HEALTHCARE CORPORATION,

Defendants, Appellees,

BAXTER HEALTHCARE CORPORATION OF PUERTO RICO, INC., a/k/a Baxter
Healthcare of Puerto Rico, S.A.; BAXTER INTERNATIONAL, INC.;
KATHLEEN M. WARREN, Vice President of Operations, Baxter
Healthcare of Puerto Rico, S.A.; TODD WISE, General Manager,
Baxter Healthcare of Puerto Rico, S.A.; JOHN DOE; RICHARD DOE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

[*] Appellants both before the district court and this court refer to their conjugal partnership using the loosely translated term "legal society of earnings" when referring to what is known under Puerto Rico civil law as "sociedad legal de gananciales." We have long recognized that conjugal partnership is the proper term. See Albanese D'Imperio v. Sec'y of the Treasury of P.R., 223 F.2d 413, 414 (1st Cir. 1955); see also Hull v. Mun. of San Juan, 356 F.3d 98, 100 (1st Cir. 2004) (explaining that "'conjugal partnership'" is "a community property concept recognized under the law of Puerto Rico" (citation omitted)); Mercado-Vega v. Martinez, 666 F. Supp. 3, 4 n.3 (D.P.R. 1986) (describing Puerto Rico law on conjugal partnerships).

---

Before

Barron, <u>Chief Judge</u>,
Thompson and Gelpí, <u>Circuit Judges</u>.

---

Juan R. Rodríguez, with whom Rodríguez Lopez Law Offices, P.S.C. was on brief, for Appellants.

Pedro J. Manzano-Yates, with whom Nicole Rodríguez-Ugarte and Silva-Cofresí, Manzano & Padró, LLC were on brief, for Appellees.

---

June 13, 2025

---

**GELPÍ**, **Circuit Judge**.  Judges are not mind readers. Thus, we deem as waived arguments on appeal that an appellant fails to spell out squarely and distinctly.  We likewise reject arguments raised only by mere reference or implication, which would otherwise require us "to do counsel's work, create the ossature for the argument[s], and put flesh on [their] bones." Quintana-Dieppa v. Dep't of the Army, 130 F.4th 1, 12 n.12 (1st Cir. 2025) (quoting United States v. Arroyo-Blas, 783 F.3d 361, 367 (1st Cir. 2015)).

Appellants Efrain Oliveras-Villafañe ("Oliveras"), Mirta Rosario-Montalvo ("Rosario"), and their conjugal partnership (collectively, "Appellants") bring three challenges on appeal: two of which contest, through dueling theories, the district court's findings as to the timeliness of certain claims alleging unlawful discrimination by the Appellees, and another which takes aim at the district court's decision that Appellants violated the District of Puerto Rico's Local Civil Rule ("Local Rule") 56(c). But Appellants' failure to dispute one of the district court's alternative holdings leaves undisturbed an independent ground for affirmance.  So we **affirm**.

## I. BACKGROUND

"We draw the facts from the summary judgment record that was before the district court, and we array them in the light most favorable to the nonmoving party." O'Horo v. Bos. Med. Ctr. Corp., 131 F.4th 1, 8 (1st Cir. 2025) (cleaned up).  Given the

uncomplicated nature of this decision, we recount only the background facts and travel pertinent to resolving the narrow issues before us.

## A. Factual Background

Oliveras worked for Baxter Healthcare SA[1] ("Baxter") from August 13, 1990, until March 28, 2019. During his tenure, he occupied various roles at different Baxter plants, spending seven years (from 1995 until 2002) at the company's plant in Round Lake, Illinois, and the balance of his time at one of the company's three plants in Puerto Rico.

Despite various lateral moves within the company, Oliveras continued to progress up Baxter's ranks. Indeed, by 2010, he was promoted to Engineering Director at Baxter's plant in Jayuya, Puerto Rico. He held this same role in early 2018 -- the time most relevant to this appeal.

Appellants contend that things changed at Baxter's Puerto Rico plants between 2017 and early 2018, starting with the Vice President of Operations of Baxter Healthcare of Puerto Rico.[2] Appellants explain that a non-Hispanic, White woman from the

---

[1] Baxter Healthcare SA is a wholly owned subsidiary of Baxter Healthcare Corporation. Baxter Healthcare Corporation and Baxter Sales and Distribution are wholly owned subsidiaries of Baxter International, Inc., a publicly traded company.

[2] Baxter Healthcare Corporation of Puerto Rico, Inc. operates as a subsidiary of Baxter International, Inc.

continental United States, Kathleen M. Warren, assumed the Vice President role, replacing her predecessor, who was Puerto Rican. Soon after, Appellants insist, Warren ordered Todd Wiese (Manager of Baxter's Jayuya Plant) to remove all senior management personnel of Puerto Rican descent.

Appellants allege that Oliveras was a victim of that crusade. On February 23, 2018, Wiese transferred Oliveras from his position as Engineering Director to the Engineering Manager II position. According to Oliveras, though, the transfer left him no worse off, and Wiese had told him that the move was temporary. But, after several months, Oliveras's role changed again; this time, he was informed that his Engineering Manager II position would be eliminated and that he could retain two part-time jobs split between two plants. Faced with the decision to either accept the two part-time roles or be terminated, Oliveras chose the latter.

## B. Procedural History

On May 16, 2019, Oliveras filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that he suffered discrimination on the basis of race, ethnicity, national origin, and age in violation of federal and Puerto Rico law when he was dismissed without cause[3] on March 27, 2019.

---

[3] It is unclear whether Oliveras resigned or was terminated. To be clear, that distinction matters. See, e.g., Stratton v.

- 5 -

Oliveras, Rosario, and their conjugal partnership brought their claims to federal court in October 2019. After multiple amended complaints and years of discovery, the then-remaining defendants -- Baxter, Baxter Sales and Distribution Corp., and Baxter Healthcare Corp. (collectively, "Appellees") -- moved for summary judgment on Appellants' then-remaining claims -- claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a); Puerto Rico Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185a (1976); and contract law. Appellants opposed that motion, making several arguments and concessions.

The district court granted Appellees' motion. At the outset, the district court found that Appellants had largely flouted Local Rule 56(c).[4] <u>Oliveras-Villafañe</u> v. <u>Baxter Healthcare</u>

<u>Bentley Univ.</u>, 113 F.4th 25, 38-39 (1st Cir. 2024) ("[A]n employee's resignation constitutes an 'adverse employment action' only where the employee's working conditions were so difficult that a reasonable person in her position 'would have felt compelled to resign.'" (quoting <u>Marrero</u> v. <u>Goya of P.R., Inc.</u>, 304 F.3d 7, 28 (1st Cir. 2002))). But we need not address the issue here because it does not affect the outcome of this appeal.

[4] Local Rule 56(c) provides:

A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this

Corp. of P.R., No. 19-1953, 2023 WL 3000437, at *1-2 (D.P.R. Mar. 23, 2023). So it "disregard[ed] any facts that d[id] not comply with" that rule. Id. at *2. Turning to the merits, the district court dismissed Appellants' Title VII claims. It noted that Appellants had alleged two distinct discriminatory employment actions: (1) Oliveras's transfer from Engineering Director to Engineering Manager II on February 23, 2018, and (2) the subsequent elimination of the Engineering Manager II position on March 28, 2019. Id. at *3. The district court then found that Appellants' claim based on the February 2018 transfer faltered because they did not adequately exhaust the administrative remedies. Id. at *4. In particular, the district court first held that the EEOC charge did not encompass the February 2018 transfer and, in the alternative, found that the charge was untimely relative to the February 2018 transfer -- i.e., it was filed 447 days after the February 2018 transfer occurred. Id. The district court further granted summary judgment on the Title

---

rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

D.P.R. Loc. R. 56(c); see also Quintana-Dieppa, 130 F.4th at 8 (explaining the rationale underlying Local Rule 56 and noting that "[i]f a party does not comply with the rule, the 'district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated'" (quoting Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007))).

VII claim based on the March 2019 termination because Appellants did not establish a prima facie case of discrimination.  Id. at *5.  And, finally, it dismissed the remaining claims because of Appellants' concessions.[5]  Id.

Appellants appealed.

## II. DISCUSSION

On appeal, Appellants take aim at the district court's holding relative to the February 2018 employment action that they "did not exhaust administrative remedies as required by Title VII."[6]  Oliveras-Villafañe, 2023 WL 3000437, at *4.  We do not reach the merits of Appellants' arguments, however, because we affirm the district court's decision on an independent ground that Appellants have left unchallenged.  See Thornton v. United Parcel

---

[5] The district court dismissed the claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, because Appellants conceded that they "lack[ed] sufficient evidence to prove the fourth tier under [the] ADEA, [that] (iv) [Oliveras] was replaced by someone younger with roughly similar qualifications, thus, revealing a continued need for the same services and skills."  Id.  And it dismissed the state law claims because Appellants conceded "that the [district court] should decline to exercise jurisdiction over" said claims if the federal claims were dismissed.  Id.  Appellants do not challenge these holdings on appeal.

[6] Appellants also appear to contest the district court's ruling about their noncompliance with Local Rule 56(c).  But they do not even try to show that they did, in fact, comply with that rule or that the district court otherwise abused its discretion. So the argument is waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009) ("[A] plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." (alteration in original) (quoting Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005))).

We begin our brief analysis with Title VII's familiar exhaustion requirement. "[I]t is well-settled that an employee alleging discrimination must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought." Id. The administrative charge must be timely filed -- typically within 180 or 300 days of the adverse employment action. See Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 3 (1st Cir. 2001). And its contents, in turn, confine the scope of the subsequent civil complaint to the acts of discrimination delineated in the charge and those "that would have been uncovered in a reasonable investigation." Thornton, 587 F.3d at 32; see also Lattimore v. Polaroid Corp., 99 F.3d 456, 465 (1st Cir. 1996) ("[T]he direction and scope of the investigation are guided by the allegations contained in the charge."). Generally, failure either to timely file the charge or to adequately describe the adverse employment action is fatal to a Title VII plaintiff's claim.

In reaching its decision regarding the claim based on the February 2018 transfer, the district court stated two alternative holdings: (1) the May 2019 charge did not encompass the February 2018 transfer; and (2) even if it did, the charge was

untimely as to the February 2018 transfer.  Oliveras-Villafañe, 2023 WL 3000437, at *4.  More specifically, the court said:

> [Oliveras] never filed an EEOC charge alleging [that the February 2018] transfer was a discriminatory employment action and, thus, did not exhaust administrative remedies as required by Title VII.  On May 16, 2019, he filed an EEOC complaint that alleged a single adverse employment action: his dismissal on March 27, 2019. There is no allegation related to Oliveras's transfer, nor any allegation that could "have alerted the agency to an alternative basis of discrimination" other than the alleged dismissal.  Even if the Court assumes arguendo that Oliveras's EEOC charge encompasses the [February 2018] transfer . . . , the EEOC complaint was filed 447 [days] after the adverse employment action and, thus, the claim is time-barred.

Id. (citations omitted).

Though difficult to decipher, Appellants' arguments on appeal dispute only the district court's holding as to the timeliness of the charge.  Indeed, as far as we can discern, Appellants point to two alternative claims of error related to that holding.[7]  First, they posit that the February 19, 2018 transfer was a temporary move that left Oliveras no worse off, and so, they say, it did not become an adverse employment action until it was permanent -- i.e., on the date of Oliveras's termination.

---

[7] To the extent that Appellants wished to challenge the district court's finding that the February 2018 transfer constituted a discrete employment action, the argument is a nonstarter.  If we accepted that premise, the only surviving adverse employment action would be the March 27, 2019 termination. But, as the district court found, Appellants failed to establish a prima facie case based on the termination because, among other reasons, Oliveras was replaced by someone of the same national origin.  And Appellants do not challenge that conclusion.

- 10 -

And second, they insist in the alternative that, if the clock for filing the charge started in February 2018, the district court should have applied equitable tolling because Appellees misled Oliveras to believe that the February 2018 transfer was merely temporary.

We need not reach the merits of either theory because Appellants' appeal suffers from a fatal flaw: it says nothing about the district court's holding that the May 2019 EEOC charge did not encompass the February 2018 transfer and thus that the transfer claim was not exhausted before the agency. That failure constitutes waiver of any argument that the February 2018 transfer was adequately presented to the EEOC and leaves uncontested an independent ground for affirmance. See W.R. Cobb Co. v. V.J. Designs, LLC, 130 F.4th 224, 239 (1st Cir. 2025) ("[D]eveloping a sustained argument out of [the record] and legal precedents is the job of the appellant, not the reviewing court, as we have previously warned." (alterations in original) (quoting Town of Norwood v. FERC, 202 F.3d 392, 405 (1st Cir. 2000))); see also Thornton, 587 F.3d at 29 (affirming grant of summary judgment where allegations in administrative charge did not encompass claims presented in civil complaint). Simply put, even if we bought Appellants' arguments about the timeliness of their claims relative to the February 2018 transfer, their silence regarding

the district court's holding that the February 2018 transfer was not exhausted dooms their effort. See Thornton, 587 F.3d at 29.

To be sure, one could read Appellants' contentions on appeal as implicitly suggesting that the May 2019 charge encompassed the February 2018 transfer. But we do not entertain arguments made by implication; rather, we demand that they be spelled out squarely and distinctly. See Univ. Trading & Inv. Co. v. Bureau for Representing Ukrainian Ints. in Int'l & Foreign Cts., 87 F.4th 62, 77 (1st Cir. 2023) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988))). And Appellants have made no such effort to demonstrate how the May 2019 EEOC charge encompassed the February 2018 transfer by, for instance, analyzing the charge's contents, citing legal authority, or the like. So the district court's alternative holding that the May 2019 EEOC charge did not encompass the February 2018 transfer remains undisturbed and stands as an independent basis for affirmance. That ends the matter.

## III. CONCLUSION

For the foregoing reasons, the district court's judgment is **affirmed**.